IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PATTI L. BOUTWELL                                                    PLAINTIFF

VERSUS                                           CIVIL ACTION NO: 1:04cv710WJG-JMR

SINGING RIVER HOSPITAL SYSTEM,
XYZ COMPANY (1 THROUGH 5, and
JOHN DOE (1 THROUGH 10)                                             DEFENDANTS

<u>MEMORANDUM OPINION</u>

        This cause is before the Court on the motion for summary judgment [18-1] filed by the

Defendant, Singing River Hospital System [Singing River], pursuant to Federal Rule of Civil

Procedure 56.  After due consideration of the pleadings, evidence of record, applicable law, and

being otherwise advised in the premises, the Court finds as follows.

<u>Statement of Facts</u>

        Plaintiff Pattie L. Boutwell was employed by Singing River as a Senior CAT Scan Tech at

the Ocean Springs, Mississippi, hospital.  (Def.'s Mot. for Summ. J., Exh. 1, p. 14.)  On August

12, 2003, Plaintiff met with Singing River administrators to discuss three complaints against

Plaintiff's job performance.  (Def.'s Mot. for Summ. J., Exh. 2.)  The first complaint, occurring on

July 2, 2003, addressed a negative exchange between Plaintiff and a co-worker in the presence of

another employee.  (*Id.*)  The second complaint, occurring on July 11, 2003, referenced

derogatory comments made by Plaintiff toward a fellow employee and Plaintiff's failure to

support that same employee regarding a shift change relating to the employee's need to care for an

1

ill family member.  (*Id.*)  The third complaint, occurring on July 31, 2003, concerned Plaintiff's

failure to verify the whereabouts of a critically ill patient before informing a doctor that the

patient had not arrived, when the patient had arrived and departed without Plaintiff's knowledge.

(*Id.*)

Singing River found that Plaintiff's conduct violated the standards of behavior expected of

its employees.  (Def.'s Mot. for Summ. J., Exh. 2.)  Particularly, Singing River determined that

Plaintiff's behavior failed to meet the following standards:

1.    Accepts responsibility for one's own attitude and is polite and positive.
2.    Refrains from derogatory comments.
3.    Understands, accepts and takes charge of job responsibilities.
4.    Treats fellow employees with respect; is supportive and discreet.
5.    Demonstrates the understanding that compromise and cooperation are essential to teamwork.
6.    Shows consideration; is sensitive to coworkers['] schedules and priorities.

(*Id.*)  Noting that Plaintiff's poor behavior continued despite prior warnings, the administrators

suspended Plaintiff without pay and recommended terminating her employment.  (*Id.*)  Knowing

that her termination was imminent, Plaintiff resigned "under duress."  (Def.'s Mot. for Summ. J.,

Exh. 1, p. 63.)

In response to her termination, Plaintiff filed the instant suit on September 3, 2004,

asserting claims of gender discrimination, sexual harassment, age discrimination, hostile work

environment, intentional infliction of emotional distress, negligent infliction of emotional

distress, negligence per se, breach of contract, fraud, negligent misrepresentation, equitable

estoppel and wrongful discharge, ostensibly arising under Title VII[1], the Age Discrimination in

---

[1]  42 U.S.C. § 2000e, *et seq.*

2

Employment Act[2] [ADEA],  the Employment Retirement Income Security Act[3] [ERISA], 42

U.S.C. § 1983, 42 U.S.C. § 1981, and state law.  (C.)  Subsequently, Singing River filed the

instant motion for summary judgment, to which Plaintiff has failed to respond in any fashion.

Standard of Review

Summary judgment is appropriate when no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  All disputed facts

are resolved in favor of the party opposing the summary judgment.  *Ameristar Jet Charter, Inc. v.

Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir. 2001).  The nonmoving party may not rely

upon mere allegations or denials within the pleadings, but must come forward with specific facts

showing the presence of a genuine issue for trial.  *Mercury Air Group, Inc. v. Mansour*, 237 F.3d

542, 548 (5th Cir. 2001).

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to

respond unless the movant discharges [its] initial burden of demonstrating [entitlement to

summary judgment]."  *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  "Summary

judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants'

motion for summary judgment."  *Id.* at 709.  Once a properly supported motion for summary

judgment is presented, however, the nonmoving party must rebut with "significant probative"

evidence.  *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

Discussion

I.     Title VII

---

[2]29 U.S.C. § 621, *et seq.*

[3]29 U.S.C. § 1001, *et seq.*

To survive summary judgment in an action pursuant to Title VII, Plaintiff must satisfy the burden shifting test found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and recently reaffirmed in *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133 (2000).  Under this test, Plaintiff must first establish a *prima facie* case of discrimination, and if she successfully does so, Defendant shall respond by setting forth its legitimate, non-discriminatory reason for its decision.  *Septimus v. University of Houston*, 399 F.3d 601, 609 (5th Cir. 2005).  If Defendant produces a legitimate reason, any presumption of discrimination raised by Plaintiff's *prima facie* case vanishes.  *Id.*  Plaintiff may still avoid summary judgment, however, if she demonstrates a genuine issue of material fact whether the legitimate reasons proffered by Defendant are not its true reasons, but instead are a pretext for discrimination.  *Id.*

A.     Gender Discrimination

Plaintiff alleges that she was constructively discharged based on her gender.  (Compl., pp. 3-4.)  Having offered no direct evidence of discrimination, Plaintiff may establish her *prima facie* case for discrimination by showing that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably.  *Septimus*, 399 F.3d at 609.  In her Complaint, Plaintiff specifically alleges that similarly situated males were disciplined less severely for more egregious acts.  (Compl., pp. 3-4.)

Plaintiff fails to establish her *prima facie* case because she cannot prove that similarly situated males were treated more favorably.  To demonstrate that another employee outside the protected class is "similarly" situated, Plaintiff must show that the alleged misconduct of both

4

employees was "nearly identical." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001). Plaintiff offers no evidence that the conduct for which she was disciplined was "nearly identical" to the conduct of male employees who received a lesser penalty. Because Plaintiff cannot show that any other similarly situated male employees were treated more favorably than she, Plaintiff has failed to establish a *prima facie* case of intentional discrimination.

Assuming, *arguendo*, that Plaintiff could establish a *prima facie* case, Plaintiff has come forward with no evidence disputing Singing River's legitimate and non-discriminatory reasons for terminating Plaintiff: her continued and egregious violations of hospital standards of behavior. Particularly, Plaintiff has failed to rebut Singing River's contention that she failed to verify the location of a critically ill patient and knowingly provided a physician with false information regarding the patient's whereabouts. The Court finds Plaintiff has failed to set forth sufficient evidence of pretext, and further finds summary judgment in favor of Singing River is warranted.

B.     Sexual Harassment/Hostile Work Environment

Plaintiff alleges that Singing River subjected her to sexual harassment and a hostile work environment. (Compl., pp. 4-5.) Specifically, Plaintiff complains that she was sexually harassed by a Singing River employee in May 1999. (Def.'s Mot. for Summ. J., Exh. 1, p. 139.) Singing River then assigned the employee to work a different shift than Plaintiff. (*Id.* at 140.) The employee returned to his regular shift in March 2000, to which Plaintiff objected to her supervisors. (*Id.* at 143.) The employee remained on the shift, however, and Plaintiff filed no other complaints. (*Id.* at 144.)

Plaintiff filed her EEOC complaint on December 17, 2003. (Def.'s Mot. for Summ. J., Exh. 13.) Title VII provides that a claim for discrimination shall be filed within 180 days of the

date the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). The 180-day period in 42 U.S.C. § 2000e acts as a statute of limitations. *Webb v. Cardiothoracic Surgery Assoc. of N. Texas*, 139 F.3d 532, 537 (5th 1998). Because Plaintiff's EEOC charge was filed well beyond the requisite 180-day period, the Court finds her claims are time-barred.

     C.    <u>Wrongful Discharge</u>

     Plaintiff alleges that she was retaliated against because she had reported claims of sexual harassment in the workplace. (Compl., p. 12). To make out a *prima facie* case of retaliation, Plaintiff must provide evidence of three things: (1) she engaged in protected conduct, (2) she was thereafter subjected to an adverse employment action, and (3) the adverse employment action was taken in response to her protected conduct. *Hockman v. Westward Communications, LLC*, 407 F.3d 317, 330 (5th Cir. 2004).

     Assuming, *arguendo*, that Plaintiff can establish her *prima facie* case, she has completely failed to offer any evidence rebutting as pretext Singing River's legitimate and non-discriminatory reasons for terminating Plaintiff: her continued and egregious violations of hospital standards of behavior. The Court finds Plaintiff has failed to set forth sufficient evidence of pretext, and further finds summary judgment in favor of Singing River is warranted.

II.    <u>Age Discrimination in Employment Act</u>

     Plaintiff alleges that she was discriminated based on her age of 44 years. (Compl., p. 4.) Particularly, Plaintiff asserts that Singing River failed to promote Plaintiff, promoting instead younger, less experienced employees. (*Id.*) The ADEA protects employees from age discrimination in the workplace. As with Title VII, Plaintiff must establish her *prima facie* case by showing that (1) she was in the protected class; (2) she was qualified for the position sought;

(3) she was not selected; and (4) she was either (a) replaced by another person outside of the protected class; (b) replaced by someone younger; or (c) otherwise not selected because of age. *McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 462 (5th 2005). Additionally, Plaintiff must establish that she was over the age of 40 when the discrimination took place. *Id.*, n. 5.

Plaintiff offers no evidence that she was ever passed over for a promotion, that she was over 40 at the time of the alleged violation, that anyone younger received a promotion for which she was otherwise qualified or that she was not promoted because of her age. In fact, the only promotion issue to which Plaintiff alludes is the fact that a man was hired for a newly created position after her termination. (Def.'s Mot. for Summ. J., Exh. 1, pp. 147-48.) At the time this position was created, however, Plaintiff had been terminated for cause. Therefore, no position existed to which Plaintiff , or any other employee, could have been promoted prior to her termination.

While it is unclear from the Complaint, Plaintiff may be alleging that she was discharged based on her age. Assuming she could establish her *prima facie* case, Plaintiff offers no evidence to rebut as pretext[4] Singing River's legitimate and nondiscriminatory reason for terminating her: her continued and egregious violations of hospital standards of behavior. The Court finds Plaintiff has failed to set forth sufficient evidence of pretext, and further finds summary judgment in favor of Singing River is warranted.

III.   Section 1983

Plaintiff provides a cursory allegation that Singing River discriminated against Plaintiff

---

[4]ADEA claims follow the burden-shifting framework enunciated in *McDonnell Douglas*. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th 2004).

"in the terms, conditions and privileges of . . . [her] employment."  (Compl., p. 12.)  Contrary to Defendant's argument, Singing River, as a local community hospital, is amenable to suit under section 1983.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Martin v. Memorial Hosp. at Gulfport*, 881 F. Supp. 1087, 1096 (S.D. Miss. 1995), *rev'd on other grounds*, 86 F.3d 1391 (5th Cir. 1996), *aff'd*, 130 F.3d 1143 (5th Cir. 1997).  When section 1983 is used as a parallel remedy to transgressions under Title VII, however, the elements do not differ.  *Whiting v. Jackson State Univ.*, 616 F.2d 116, 121 (5th Cir. 1980); *Davis v. State Dept. of Health*, 744 F. Supp. 756, 762 (S.D. Miss. 1990).  Because Plaintiff cannot establish her claims under Title VII, Plaintiff cannot satisfy the elements of her section 1983 claims.  *See* discussion *infra* Part I.  Additionally, Plaintiff's claims of age discrimination are not cognizable under section 1983 because the ADEA preempts any such claims.  *Lafleur v. Texas Dept. of Health*, 126 F.3d 758, 759-60 (5th 1997).

Assuming Plaintiff were pursuing an independent section 1983 claim for discrimination[5] against Singing River, Plaintiff must prove three elements:  a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  Plaintiff presented no such allegations in her Complaint, nor has she come forward with any proof in satisfaction of these elements.  Because the Court finds there are no genuine issue of material fact that would prevent judgment as a matter of law, the Court determines that Singing River is entitled to summary judgment.

---

[5]Plaintiff's Complaint does not appear to allege a claim under section 1983 that her discharge deprived her of a constitutionally protected property interest in her job.  Particularly, Plaintiff does not identify a contract of employment or state law that would evidence entitlement to employment.  *See Roberts .v Walthall County Gen. Hosp.*, 96 F. Supp. 2d 559, 562 (S.D. Miss. 2000) (a claim of entitlement to job tenure may be created directly by state statute or by written contract).  Additionally, Singing River's Personnel Policies and Procedures handbook clearly states that employment is at-will, and that the hospital "may terminate the employment of any employee at any time and for any reason." (Def.'s Mot. for Summ. J., Exh. 14, p. 32.)  Regardless, Plaintiff is unable to rebut Singing River's legitimate reasons for terminating her.  *See* discussion *infra* Part I.

IV.    <u>Section 1981</u>

Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  42 U.S.C. § 1981.  Plaintiff is white and does not allege any facts or claims of reverse discrimination, nor does she specifically identify which substantive rights provided by section 1981 were allegedly violated.  Because the Court finds Plaintiff's Complaint does not provide any facts or claims alleging racial discrimination, the Court finds Singing River is entitled to summary judgment.[6]

V.     <u>ERISA</u>

From the outset, this Court notes that the ERISA preempts state laws that "relate to" an employee benefit plan because Congress was concerned that state laws might interfere with the administration and management of such plans.  *Mello v. Sara Lee Corp.*, No. 04-60814, 2005 WL 3112942 , at *3 (5th Cir. Nov. 22, 2005).  Consequently, Plaintiff's state law claims addressing the insurance benefits issue are preempted by ERISA.[7]

A.    <u>Denial of Benefits</u>

Plaintiff claims that she is entitled to insurance as provided by the Singing River Hospital System Employee Health Benefit Plan [the Plan].[8]  (Compl., p. 11.)  The default standard of

---

[6]Having found that Plaintiff's claims under Title VII, the ADEA, section 1983 and section 1981 are subject to summary judgment, Plaintiff's negligence per se claim (Compl., p. 5) for hostile work environment may equally be dispensed with for failure to establish violation of any statute.  *See Grodi v. Mandalay Resort Group, Inc.*, No. 2:03cv112-D-A, 2003 WL 22244048, at *2 (N.D. Miss. Aug. 4, 2003) (noting that negligence per se claim requires evidence that Plaintiff "is a member of the class sought to be protected under the subject statute").

[7]Plaintiff alleged state law claims for breach of contract, fraud and negligent misrepresentation relating to Singing River's employee benefit plan.  (Compl., pp. 7-9.)

[8]Because the parties treat the Plan as if it were a qualified employee benefit plan pursuant to ERISA, the Court shall do likewise.

review for challenges to a denial of ERISA benefits is *de novo*.[9]  *Mello*, 2005 WL 3112942 , at

*2.

       The Plan reads as follows:

> Participants who retire with 20 or more years of service – Participants and their
> surviving spouses, may continue coverage under this Plan, by paying the
> employee's share of the monthly premium in advance, until they become eligible
> for Medicare.  Once they become eligible for Medicare they may continue their
> coverage if they pay the full premium.

(Def.'s Mot. for Summ J., Exh. 7, p. 28.)  Plaintiff alleges that she is entitled to continue coverage

under the Plan as provided.  Plaintiff avers, however, that she "resigned under duress," i.e. resign

or be fired.  (Def.'s Mot. for Summ. J., Exh. 1, pp. 63-64.)  Singing River contends that Plaintiff

did not retire but was faced with the prospect of resigning or being fired.

       In this context, the common meaning of retire is "[t]o give up business or public life and

live on one's income, savings, or pension."  WEBSTER'S II NEW RIVERSIDE UNIVERSITY

DICTIONARY 1003 (2nd ed. 1988).  Resign is defined as "[t]o give up (a position), esp. by formal

notification . . .  To give up one's job or office."  *Id.* at 1000.  Plaintiff's action in the present

context cannot be defined as either retirement or a voluntary resignation.  Clearly, Plaintiff did

not retire as contemplated by the Plan provisions, and Singing River was correct in denying

Plaintiff Plan benefits.  Because the Court has determined there is no genuine issue of material

fact regarding the Plan's meaning, the Court finds Singing River is entitled to summary judgment.

      B.    <u>Equitable Estoppel</u>

       Equitable estoppel is a legal theory applicable to ERISA.  *Mello*, 2005 WL 3112942 , at

*3. To establish an ERISA-estoppel claim, Plaintiff must establish:  (1) a material

---

[9]Singing River did not invoke ERISA directly, but Defendant addressed at length its reasons for denying Plaintiff Plan benefits.

misrepresentation; (2) reasonable and detrimental reliance upon that representation; and (3) extraordinary circumstances. *Id.* Plaintiff cannot establish the second prong necessary to establish ERISA-estoppel. Plaintiff contends that Singing River personnel told her that she could resign and maintain her insurance benefits given her twenty-plus years of service. (Compl., pp. 10-11.) ERISA-estoppel is not permitted, however, if based on purported oral modifications of plan terms because such claims are precluded given ERISA's requirement that every employee benefit plan shall be established and maintained pursuant to a written instrument. *Id.* at *5. Additionally, Plaintiff incurred no detriment because she triggered health insurance coverage under COBRA upon notice. Because there exist no genuine issues of material fact that would preclude judgment as a matter of law concerning Plaintiff's equitable estoppel claim, the Court finds Singing River is entitled to summary judgment.

VI.    <u>State Law Claims</u>

Plaintiff's remaining state law claims are for breach of contract/wrongful discharge, intentional infliction of emotion distress and negligent infliction of emotional distress.

A.    <u>Breach of Contract/Wrongful Discharge</u>

Plaintiff's breach of contract/wrongful discharge claim is based on Plaintiff's contention that she had a contract for employment under the Personnel Policies and Procedures handbook and that her discharge violated public policy. Singing River's Personnel Policies and Procedures handbook clearly states that employment is at-will, and that the hospital "may terminate the employment of any employee at any time and for any reason." (Def.'s Mot. for Summ. J., Exh. 14, p. 32.)

Plaintiff's public policy argument also fails. Mississippi recognizes the doctrine of at-will

employment, and the Mississippi Supreme Court has interpreted only two circumstances that

would be excepted from the at-will doctrine:

> (1) an employee who refuses to participate in an illegal act . . . shall not be barred
> by the common law rule of employment at will from bringing an action in tort for
> damages against his employer; and
>
> (2) an employee who is discharged for reporting illegal acts of his employer to the
> employer or anyone else is not barred by the employment at will doctrine from
> bringing action in tort for damages against his employer.

*McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603, 607 (Miss. 1993).  Additionally, the

Mississippi Court of Appeals has held that the public policy exception requires that "the acts

complained of warrant the imposition of criminal penalties, as opposed to mere civil penalties."

*Hammons v. Fleetwood Homes of Mississippi, Inc.*, 907 So. 2d 357, 390 (Miss. Ct. App. 2004).

Plaintiff does not allege illegal acts that would warrant the imposition of criminal penalties.

Because there are no genuine issues of material fact, the Court finds Singing River is entitled to

summary judgment.

  B.  <u>Intentional or Negligent Infliction of Emotional Distress</u>

   Plaintiff alleges that Singing River's conduct was intentional and reckless, causing her

emotional distress.  The Mississippi Supreme Court has concluded that "a plaintiff . . . may not

recover emotional distress damages resulting from ordinary negligence without proving some sort

of physical manifestation of injury or demonstrable physical harm."  *Wilson v. General Motors*

*Acceptance Corp.*, 883 So. 2d 56, 65 (Miss. 2004) (quoting *American Bankers' Ins. Co. of*

*Florida v. Wells*, 819 So. 2d 1196, 1209 (Miss. 2001).  Plaintiff does not allege nor offer any

evidence of physical injury or harm on her claim for negligent infliction of emotional distress.

(Compl., p. 10.)

"To prevail in a claim for intentional infliction of emotional distress, the alleged conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency." *Starks v. City of Fayette*, 911 So. 2d 1030, 1036 (Miss. Ct. App. 2005). Additionally, "[a] claim for intentional infliction of emotional distress will not ordinarily lie for mere employment disputes." *Id.* Plaintiff has not alleged any facts or provided any evidence that would constitute outrageous or extreme behavior. Further, Plaintiff has provided no evidence of a "pattern of deliberate, repeated harassment over a period of time." *Id.* (citation omitted). Finally, all of Plaintiff's underlying claims are subject to summary judgment. Equally, there is no genuine issue of material fact that would preclude summary judgment in favor of Singing River regarding Plaintiff's emotional distress claims.

<u>Conclusion</u>

For the reasons given above, this Court finds that Singing River's motion for summary judgment [18-1] should be granted. A separate summary judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date. Each party shall bear their respective costs.

THIS the 4th day of January, 2006.

  /s/        ***Walter J. Gex III***
UNITED STATES SENIOR DISTRICT JUDGE